Yes, Your Honor. Thank you. May it please the Court. My name is Crystal Winery, and I am here today on behalf of the petitioner, Mr. Roberto Blanco-Martinez. I would like to reserve two minutes for rebuttal. I'll try to help you. Keep your eye on the clock, please. Thank you, Your Honor. Mr. Blanco respectfully asked this Court to grant his petition for review of the Board of Immigration Appeals' dismissal of the appeal of the denial of his application for asylum withholding a removal and protection under the Convention Against Torture. First, substantial evidence did not support the Board's determination that Mr. Blanco did not qualify for the relief he requested. His uncontested testimony, which must be taken as true, showed that he had an objectively reasonable explanation of how he had a well-founded fear of persecution from both the government and the gangs. He sufficiently showed how the persecutors would of his former military service and why they would persecute him. Although courts need not require additional evidence beyond credible testimony, here, Mr. Blanco also submitted a number of country reports that show the state of affairs of El Salvador should he be deported. The country reports show that El Salvador is a country where, first, gangs target the police, who work hand-in-hand with the military in public peacekeeping efforts, and a country where the governing political party is comprised of the guerrillas that Mr. Blanco fought against when he was a conscripted child soldier in El Salvador's civil war. Yet, should this court not agree that substantial evidence did not support the Board's determination, Mr. Blanco respectfully requests that this court remand since he was not provided sufficient opportunity or notice to provide the corroborative evidence that the immigration judge and the Board deemed necessary to show his case. So, first, I want to discuss Mr. Blanco. Why Mr. Blanco? Are you indicating that there's something that is left out at the time it was brought for the Board? Oh, excuse me, Your Honor. Go ahead. What specifically was left out before the Board that you want this case sent back for? Yes, Your Honor. Actually, during Mr. Blanco's first merits hearing, his counsel at the time requested a continuation so that he could be able to obtain additional declarations to show the state of affairs in El Salvador. This was declarations to show how gangs at that time were, how gangs of the time killed former military members and also how there's basically a surge of violence between the gangs and the police officers. Yet, after Mr. Blanco... He was not a police officer. He was a soldier. No, Your Honor. He was not a police officer. But as stated, the country report submitted by Mr. Blanco with his application show that the military and the police engage in the same peacekeeping efforts in El Salvador. I have a question about what you just said. It seemed to me that the IJ said when he asked, when the lawyer asked for continuance, you've had all this time to prepare. You've had a lot of notice. You know, I'm not going to give you a continuance. Was there something wrong about that decision? Oh, excuse me, Your Honor. No, go ahead. Your Honor, Mr. Blanco's due process rights and rights to a full fair hearing are not dependent on time. So, as this court stated in Ren v. Holder, if corroboration is needed, the immigration judge must give an applicant notice of the corroboration that is required and an opportunity to bribe or explain why that evidence is not available before ruling on the claimant's, on the applicant's requested relief. Well, let's just say, arguendo, say that Ren requires that. Hasn't that been weighed by your not having raised it in your opening brief? Your Honor, this is Mr. Blanco's due process rights and whether or not he's going to be able to obtain a full and fair hearing and a full review of his claim. I understand that, but as I'm sure you know, you're an able lawyer. When someone fails to mention an issue in the opening brief to our court, it is almost always deemed waived. I don't believe that you raised the Ren issue in your opening brief, did you? Did not, Your Honor. Well, since that's the case, is that issue not waived? Your Honor, again, this is Mr. Blanco's right to a full and fair hearing. It was, I admit that this was not raised in the opening brief, but this is Mr. Blanco's life. And so, it's worth, and also, this is a statutory requirement that the immigration judge must provide Mr. Blanco with sufficient notice and opportunity to provide the corroborative evidence that she deems necessary in order to prove his case. I respect that, but the reality is our court deals all the time with things that should have occurred in a district court or an IJ or in the BIA or whatever. And if somebody doesn't raise the issue, even though it's arguably a due process issue, most of those issues are deemed waived by our court. Are you saying that our waiver policy, which has been practiced now for a hundred and fifty years, is in itself an unconstitutional violation of your client's rights? I know, Your Honor. But, Your Honor, this is also why, in the first place, Mr. Blanco... I was looking at the corroboration cases. It seemed to me that they weren't, the corroboration problem comes up mostly when you have somebody who says, well, I'm a member of this group, and then the IJ wants proof of that kind of thing. Not a more generalized country situation that basically everybody knows you have to establish that from the beginning. I'm not sure this is really corroboration in the sense of the corroboration cases I was looking at. Anyway, I'm sorry, because of the lag, I interrupted your other answer. But there's my question. Maybe you can do both. I will try, Your Honor. Your Honor, here, the immigration judge determined that Mr. Blanco did not have a well-founded fear of persecution because he showed no objective evidence that the former military members are imputed to be part of law enforcement or are targeted by the gangs. In that case, the immigration judge outlined specific evidence that Mr. Blanco would need to prove up his case. Here, Mr. Blanco was not... But the immigration judge ruled on the fact that Mr. Blanco did not have this evidence before granting Mr. Blanco an opportunity to provide such testimony. And again, when this was appealed to the board, the board also stated that Mr. Blanco lacked detailed testimony and sufficient corroboration. Did he make a proffer of any kind of what would be presented following up on Judge Vestani's point? Country reports are very general. And in order for you to meet your requirement, if you will, to compel a change, you've got to have something tied to your client, do you not? Yes, Your Honor. But that's why it's so significant that the board, in this case, ignored the fact that there's a significant tie between the military and the police when examining Mr. Blanco's testimony and the other information from the country reports. And I also see that I'm out of time. You want to save the rest of your time for a rebuttal? Yes, Your Honor. Very well. All right. Let's hear from the government. Good morning, and may it please the court. My name is Jeff Bielert from the Department of Justice here on behalf of the Attorney General. This court should deny Mr. Blanco's petition for review in this case. Contrary to the arguments that you just heard, he did actually receive a full and fair hearing. The immigration judge held four hearings over the course of four years, from 2012 to 2016. At those hearings, Mr. Blanco was represented by counsel. He was told of the requirements to present evidence. He was given ample amount of time to do so. And what you have is his testimony that the immigration judge found established a subjective fear of future persecution. And then you have the country reports. And when you look at the totality of the circumstances on this record, both the immigration judge and the board properly concluded that Mr. Blanco failed to submit enough evidence to establish a reasonable fear of future persecution. When you look at what the immigration judge did, this is at record site 48, he said that there is no objective evidence showing that former members of the military are targeted by gangs in El Salvador. Judge Rossani, you're absolutely correct. The country reports discussed police being targeted by gangs in El Salvador. And the reason why they're being targeted in El Salvador is because they're investigating crimes by gang members. So there's no evidence in this record to suggest that because Mr. Blanco served in the military some 25 years ago, that he would be targeted by those same gangs just because he served in the military. El Salvador went through a civil war. It was a long time ago. A lot of people in the country participated in that civil war. But he has not put forward evidence in this case that proves that he will be targeted if he were to be removed to El Salvador. And that's the problem here. In the case that he relies on, the Ming Day case, if I'm saying it correctly, is actually before the Supreme Court right now. It will be hearing oral argument next month. But in that case, the court talks about the standard. The standard is that you have to present credible, persuasive, and sufficient evidence. In that case, the petitioner had testimony that he was attacked, that his wife was attacked, that she was forcefully sterilized. The petitioner in that case also corroborated those allegations, and he corroborated it with medical reports. The petitioner submitted medical reports proving that he had been beaten. The medical reports showed that he had a broken shoulder, that he had broken ribs. He also submitted medical records showing that his wife had been forcibly sterilized. That's the kind of objective evidence that was deemed to be sufficient in that case. Here, when you look at our record, you do not have that evidence. And the board was absolutely correct when it held that Mr. Blanco failed to found that Mr. Blanco's testimony was vague. He based it on what he had heard in the news, and he based it on things that he had heard from his friends and family. He may have a subjective fear of being persecuted if he's returned to El Salvador, but the law requires him to establish an objective fear. And on this record, you do not have that. I wanted your take on the where the person's testifying, and he might expect the IJ to believe him, say, about his membership in a Sikh organization or something like that. And then the IJ comes out and says, I don't believe you because you didn't have this. And I'm wondering if there's a difference between these kind of cases where one should expect from the outset that one needs particularized information to establish an objective fear and where there's kind of not the notice problem. That's what I was thinking, but I don't know all the cases. So, Your Honor, I think in some of the cases, when you look at corroborating evidence, it can be in a number of different forms. So, for example, you could have in the Ming Dai case, the country reports in that case specifically talked about forced sterilization, physical coercion, and the fact that women were being targeted. So those country reports specifically talked about the exact sorts of allegations that that petitioner was raising. In this case, the country reports talk about violence towards police, but they don't talk about violence towards military members who petitioner alleges are somehow cooperating police and they are targeted by gangs. So in some of the corroboration cases, yes, it's possible for a petitioner to come in with, say, declarations from members of the family or from other people in the country from other military members who are experiencing this sort of thing. And this petitioner had four hearings over four years and was told that he had to get evidence and he failed to get it. And I'm sorry, but that's not enough. So it's true that he has this subjective fear and that he thinks that if he goes back, he'll be subject to persecution. But the law requires him to come with more evidence. And it's not enough for the immigration judge or the board to find his subjective testimony credible. There's still a requirement for him to present something to corroborate that evidence. And I guess I was trying to get at council waived the argument about corroboration by not bringing it. Obviously, we can waive a waiver. Is your argument that we shouldn't waive it because he had adequate notice of what he was supposed to do to show objective fear? I think either way, you need to not grant this petition, whether you call it waiver, that they didn't raise the argument, or whether you want to say that he actually did have notice, which I think he actually did. I think that this was the case when you look at the record before the immigration judge that he did, in fact, receive a full and fair hearing. He was told about the standard. He was told what he had to prove in order to establish past persecution and future of your future persecution. And he admitted that he had suffered no harm when he was in El Salvador, that he'd never been attacked, that he'd never suffered a past persecution. And he was he was represented by counsel. So your honor, I don't think that it's fair to say that he was not given a full fair and hearing in this case. Is it fair to say that in the four hearings over four years, that the IJ I guess it's one of the one and actually told him everything he needed to do that could have been requested in yet another continuance, right? This was just a repeat of what he'd already been told. I agree, your honor. I think when you look at the record, you look at the hearings itself and what the immigration judge found when he did come forward in, I believe it was 2016 and asked for yet another continuance. He was denied and he was denied for good reason. He had ample opportunity to pursue these things. He could have gotten declarations. He could have submitted further evidence to the extent that it's out there that would have supported and corroborated the sorts of allegations that he was making. And would he ever make any proffer of any kind in any of these shall I say petitioner specific that would tie the actions of the gangs to something affecting him personally? I do believe that he did subjectively say that he feared that the gangs would attack him because he felt subjectively, but he didn't he didn't have any proffer about the objective portion of it, right? No, your honor. That's that's the board's reading of this case. When the board reviewed the record and found that the totality of the circumstances did not, in fact, establish an objective fear of persecution. And in this case, in order for the petitioner to be successful, does he not have to come up with evidence that would compel a reversal of the BIA? That's correct, your honor. For this court to grant this petition, you would have to conclude that the evidence on this record compels a conclusion that he will suffer future persecution if he is if he's returned to El Salvador. And for all the reasons that we've talked about here in this argument and in our brief, the record does not compel that conclusion. So we ask that you deny his petition. Very well. Any other questions of government by my colleague? Thank you very much. So let's go back to petitioner's counsel. You've this this decision came out after the reply was submitted in this case, but in Louie Bar, this court stated that generic notice of evidence being needed before regarding petitioner's case is not sufficient to give them the notice required by Renvy Holder. But the council, with respect, would you not agree that to have four hearings over four years more than satisfies the due process requirement? Again, your honor, in a different case called Zakarian v. Sessions, this court determined that after a third hearing, which took place two years after a second hearing, which took place after one year after a first hearing, still that when the immigration judge there determined that the judge could not grant the petitioner's relief because the petitioner did not bring a specific corroborating witness, again, that the petitioner still was not given sufficient notice and opportunity to prove her case. So the fact that four years passed between initial kind of procedural hearings and then the master hearing, and then finally only one merits hearing where the immigration judge took testimony, the fact that four years passed in that time doesn't preclude petitioner from his right to have sufficient notice and opportunity. Again, and then on the other hand, regarding Mr. Blanco's proffered testimony, this court's precedents come into play here. First, credible testimony should be taken as true. There's no dispute about the fact that the immigration judge found Mr. Blanco to be credible and that the board did not overturn this opinion. But there's no problem, I think, with your client's subjective fear. I think the problem here is whether he provided evidence of an objective fear, is it not? Yes, your honor. May I respond? Yeah, please do. Okay. Your honor, in a number of cases from this court, such as Schoffer versus INS, the petitioner in these cases testified about facts about themselves. And these testimony was taken as true because these petitioners were found to be credible. And Mr. Blanco here deserves the same treatment. Okay. Do either of my colleagues have additional questions for counsel for petitioner? No, I'm fine. Thank you. Thank you to both counsel for your arguments. They're very helpful. We appreciate it. The case just argued, Blanco-Martinez versus Barr is submitted.
judges: Wallace, M. Smith, Restani